Filed 5/2/22  P. v. Brooks CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094450 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2100970) |
| v. | |
| WILLIAM LEE BROOKS, JR., | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant William Lee Brooks, Jr. appeals the imposition of assessments and fines without an ability to pay hearing.  Recognizing his trial counsel did not object to these assessments and fines, defendant further contends he received ineffective assistance of counsel.

The principles of due process do not require a determination of a defendant's present ability to pay before the imposition of the fines and assessments at issue in

1

*Dueñas* and in this proceeding.  Thus, we reject his argument and, with that, we necessarily reject his ineffective assistance of counsel claim.  We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

The facts underlying defendant's convictions are irrelevant to our decision on appeal and are therefore not recounted in detail.  Suffice it to say defendant burglarized his ex-girlfriend's motel room and assaulted police officers who attempted to apprehend him.  He pleaded no contest to one count of first degree burglary (Penal Code, § 459 – statutory section citations that follow are to the Penal Code) and three counts of felony resisting a peace officer (§ 69).  He also admitted he had sustained a prior strike conviction (§ 667, subd. (d)).

At the sentencing hearing, defendant's trial counsel requested "a reduced restitution fine given [defendant's] indigent status."  The trial court then sentenced defendant to a total term of 12 years in state prison.  It also imposed a $300 restitution fine (§ 1202.4, subd. (b)), imposed and suspended a $300 parole revocation restitution fine (§ 1202.45), imposed a $40 additional burglary fine (§ 1202.5), a $40 court operations assessment (§ 1465.8), and a $30 criminal convictions assessment (Gov. Code, § 70373).  Defendant's trial counsel did not object to the fees and fines imposed.  Defendant timely appealed.

Defendant later made a motion for a stay of the fines and assessments pursuant to section 1237.2 pending an ability to pay hearing.  The trial court denied the request on the ground that defendant had waived the objection.

DISCUSSION

Defendant contends the trial court's imposition of assessments and fines without first determining his ability to pay violated his constitutional rights and the assessments and fines must be stayed pending an ability to pay hearing.  To the extent defendant forfeited his challenge to the fees and fines by failing to raise the issue in the trial court,

2

defendant argues his trial counsel's failure to object constituted ineffective assistance of counsel.

Defendant's claim hinges on the *Dueñas* analysis finding due process principles mandate an ability to pay hearing before imposing fines and assessments. (*People v. Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) As defendant notes, the Courts of Appeal are split as to whether *Dueñas* was correctly decided. Our Supreme Court must resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, 95-96, review granted November 13, 2019, S257844, which concluded due process requires the trial court to conduct an ability to pay hearing before imposing assessments but not restitution fines.

In the meantime, we join the court in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946, and several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

We therefore need not decide whether defendant forfeited his ability to pay argument because this argument is without merit. Failure to assert a meritless position does not demonstrate ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377.)

DISPOSITION

The judgment is affirmed.

                                                   _____

                                                   HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

EARL, J.